CYRUS A. CASWELL *vs.* JEROME B. HUNTON.

Androscoggin.    Opinion March 4, 1895.

*Deceit.    Sales.    Law and Fact.*

The materiality of a false representation, relied upon to support an action for deceit, is a question of law for the court.

*Held;* that is error to submit to the jury the question of the materiality in such case, although proper instructions to the jury are given as to what constitutes materiality and to which no exceptions are taken.

ON EXCEPTIONS.

This was an action for false and fraudulent representations in the sale of personal property. Verdict for the defendant.

The declaration alleged that the defendant, in order to induce the plaintiff to buy of him twenty-five shares in the capital stock of a corporation known as the "National Carving Company," and pay him therefor the sum of five hundred dollars, falsely and fraudulently represented to the plaintiff "that said National Carving Company was just starting into business, and needed a little more money to get the business well started; that the company then and there had large orders to fill, and that he (the defendant) was then selling treasury stock to raise money to do business to fill said orders; that the stock he (the defendant) was then selling was treasury stock of said corpora-

tion; that one F. W. Parker, one Frank R. Conant, one J. L. H. Cobb, and one C. I. Barker, were then owners of similar treasury stock purchased by them respectively of the corporation, at the same price he was paying; that he was and had been since the company came to Maine, about a year before, the agent of said corporation to sell its treasury stock for the purposes aforesaid; and that as such agent, he (the defendant) had sold to one P. M. Thurlow two hundred and fifty shares of like treasury stock at the same price he was to pay."

The declaration contained all other necessary and material elements to state in legal form the alleged cause of action. The plaintiff contended, and introduced evidence tending to show that the defendant, as an inducement to the sale, made each and all the representations above set forth. There was also evidence tending to show that the stock in question was sold by the defendant to the plaintiff for the sum of five hundred dollars; that the stock so sold was not treasury stock, but the defendant's own stock; that the defendant at the time of the sale, and for some time prior thereto, was the duly authorized agent of the corporation to sell its treasury stock; that neither Parker, Conant, Cobb nor Barker were, or ever had been, owners of similar treasury stock purchased by them respectively of the corporation at the price he was paying; that as such agent (to sell stock) the defendant had never sold P. M. Thurlow two hundred and fifty shares of like treasury stock at the same price he (the plaintiff) was to pay; and that the defendant had the option to sell, and the right to sell the plaintiff treasury stock instead of his own stock.

The plaintiff introduced evidence tending to show that, at the time of the purchase and sale of the stock in question, said corporation had outstanding six thousand three hundred and ninety-nine shares of its capital stock, the par value of which amounted to one hundred and fifty-nine thousand nine hundred and seventy-five dollars; that it owed on notes the sum of nine thousand two hundred dollars, and that it had other outstanding obligations against it amounting to about five hundred dollars; that its entire property consisted of three machines worth from

forty-five hundred dollars to forty-eight hundred dollars; tools appraised at two thousand dollars; accounts appraised at three hundred dollars; cash, seven hundred sixty-nine dollars and forty-four cents; and owned certain letters patent, under which the said machines were made and operated; and that the corporation was organized in December, 1890, and, up to the time of said sale, had sold only ten shares of its treasury stock through the defendant as its agent, for the sum of two hundred dollars; and that about a year after said sale, the entire property of said corporation was sold, on sheriff's sale, for less than five thousand dollars.

The plaintiff requested the presiding justice to instruct the jury that the alleged false representation that, "the stock he [the defendant] was then selling to the plaintiff was treasury stock of said corporation," was a material one, and that if the jury should find the other elements of the action present, then they must find the defendant guilty. The defendant's counsel in his argument to the jury admitted the above representation to be material.

The plaintiff, in like manner, requested a similar instruction concerning the alleged false and fraudulent representation, that "one F. W. Parker, one Frank R. Conant, one J. L. H. Cobb and one C. I. Barker were then owners of similar treasury stock of said corporation, purchased by them respectively of the corporation at the same price he [the plaintiff] was paying."

The plaintiff, in like manner, requested a similar instruction concerning the alleged false and fraudulent representation, "that as the agent of the corporation he [the defendant] had sold to one P. M. Thurlow two hundred and fifty shares of like treasury stock at the same price he was to pay."

The presiding justice declined to rule, as matter of law, that any one of the foregoing alleged false and fraudulent represent-ations were material, as requested, but left the question of materiality of each representation to the jury, with proper instructions as to what constituted materiality, to which no exceptions were taken.

*W. H. Judkins*, for plaintiff.
*A. R. Savage and H. W. Oakes*, for defendant.

SITTING: PETERS, C. J., WALTON, HASKELL, WHITEHOUSE, WISWELL, JJ.

WALTON, J. The question is whether the materiality of a false representation, relied upon to support an action for deceit, is a question of law for the court, or a question of fact for the jury.

We think it is a question of law for the court. Most of the questions involved in an action for deceit are questions of fact for the jury. Whether the defendant made the alleged false representation, and whether, if he made it, he knew it to be false, and whether the plaintiff was ignorant of its falsity, and whether he relied upon it, and was thereby damaged, are undoubtedly questions of fact for the jury. But, assuming all these facts to be proved, the materiality of the representation is a question of law for the court. *Penn. Ins. Co.* v. *Crane*, 134 Mass. 56. Bigelow on Fraud, vol. 1, p. 139, and cases there cited.

In the present case, the presiding justice declined to instruct the jury as to whether any one of the alleged false representations was or was not material, but left the question of materiality to the jury. We think this was erroneous. We think it was the right of the parties to have the jury instructed specifically respecting each of the alleged false representations, and to have them told whether or not, if all the other elements of fraud were proved, it was legally sufficient to maintain the action.

The action is for alleged false representations made by the defendant while selling to the plaintiff twenty-five shares of corporation stock. The exceptions state that there was evidence tending to show that the defendant represented that he was selling the stock as agent for the corporation, and at the same price at which similar stock had been sold to other parties. We think these representations were clearly material; that the plaintiff had a right to know with whom he was dealing, and

whether the money which he was paying for the stock was going into the treasury of the corporation to increase its working capital, or into the pocket of a stranger, where it would have no such effect. And we think the plaintiff also had the right to know whether others had paid into the treasury of the corporation for their shares the same amount which he was paying. Not because it was important or material for him to know what others had paid for their stock, but because it was material for him to know how much the corporation had received for its stock; for the value of his own stock would depend largely upon the amount of paid-up capital possessed by the corporation. Consequently, the jury should have been instructed that, if they found the other elements of fraud proved, these representations were material and legally sufficient to maintain the suit. *Coolidge* v. *Goddard*, 77 Maine, 578 ; *Hoxie* v. *Small*, 86 Maine, 26.

*Exceptions sustained.*